McIlvaine, J.
The action of forcible entry and detainer is special and statutory, and is regulated by chapter 9, title 3, of Revised Statutes, whereby original jurisdiction is given to justices of the peace, and section 6601 provides, “Judgments either before the justice or in the court of common pleas, under this chapter, shall not be a bar to any after action brought by either party.”
Such being the limited effect of the judgment, authority to review the same is also limited, and section 6610 provides : “ but in proceeding to reverse, vacate or modify the judgment or final order of the justice made in such cases, a petition in error can be filed in the court of common pleas only by leave of said court,” etc. A refusal by the court of common pleas to allow a petition in error to be filed in said court, is not reviewable on error such refusal not being a judgment in a case pending in said court.
And in Carroll v. O'Conner, 25 Ohio St. 617, it was held that an application is not authorized to be made to the supreme court to reverse directly the proceedings of a justice in forcible entry and detention, or of forcible detention only, notwithstanding leave to file a petition in error in the common pleas may have been refused. The same rule applies to the district court, hence the district court in the case before us was without jurisdiction to review either, the refusal of the court of common pleas to allow a petition in error, or the judgment of the justice of the peace, and, being without jurisdiction, its *251 judgment in favor of the defendant-in error for costs was erroneus.
For this reason the motion for leave to file a petition in error in this court is granted, and, all the judges concurrings the judgment of the district court as to costs is reversed.

Motion granted and judgment reversed.